**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: March 31 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-32060 |
| | ) | |
| Robert E. Logan | ) | |
|     Debtor(s) | ) | SUCCESSOR JUDGE |
| | ) | |
| Stanley B. Doremus, | ) | |
| | ) | Adv. Pro. No. 12-3155 |
|     Plaintiff(s), | ) | |
|   v. | ) | |
| | ) | |
| Robert E. Logan, | ) | |
| | ) | |
|     Defendant(s). | ) | |
| | ) | |
| Robert E. Logan, | ) | |
| | ) | Adv. Pro. No. 12-3087 |
|     Plaintiff, | ) | |
| | ) | (Consolidated) |
|   v. | ) | |
| | ) | |
| Stanley B. Doremus and Laura Doremus, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This adversary proceeding is before the court on Plaintiff Robert E. Logan's ("Logan") Amended Motion for Summary Judgment ("Motion") [Doc. # 32] and Defendant Stanley B. Doremus' ("Doremus") *pro se* response. [Doc. # 30]. The Motion arises from Adv. Pro. No. 12-3087, which, as set forth in the court's Adversary Proceeding Scheduling Order [Doc. # 22], has been consolidated with and maintained under Adv. Pro. No. 12-3155. Logan alleges in his complaint ("Complaint") [Doc. # 1/Adv. Pro. 12-3087] that his wages were garnished by Doremus in the ninety (90) days preceding Logan's filing of his bankruptcy petition ("Petition"). Additionally, Logan alleges in this Motion that Doremus violated the automatic stay, 11 U.S.C. § 362(a), when he continued to garnish Logan's wages after Logan's bankruptcy petition was filed. [Doc. # 32]. Having considered the Motion and the response, for the reasons that follow, the court will deny the Motion.

## FACTUAL BACKGROUND

In 2003, Logan was evicted from Doremus' rental property. Doremus claims that before Logan vacated the property, Logan physically damaged it. The damage allegedly includes holes in walls, gouges in the floor, torn door jambs, torn carpets, and a broken antique door entry. [Doc. # 1]. On December 18, 2003, Doremus filed a landlord complaint against Logan in the Toledo Municipal Court, seeking restitution of property and money. [*Id.*]. On January 28, 2005 Doremus was granted a default judgment in the sum of $8,906.00. [Doc. # 6, Exhibit]. The Judgment Entry reads as follows:

> This cause came on for hearing upon [Doremus'] Complaint and the Court finds that [Logan] is in default for answer or other pleading and [Doremus] is entitled to a judgment. It is therefore ORDERED, ADJUDGED AND DECREED that [Doremus] have judgment against [Logan] in the sum of $8,906.00 plus its costs and interest herein inclusive. [Doc. # 24, Exhibit].

On April 30, 2012, Logan filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court Northern District of Ohio. [Doc. # 33]. In the ninety (90) days preceding Logan's filing, Doremus, pursuant to the 2005 default judgment, garnished $790.99 of Logan's wages. [Doc. # 6, Exhibit]. After Logan's petition was filed, with the automatic stay in effect, Doremus garnished Logan's wages on five (5) separate occasions, in an amount totaling $1,147.40. [*Id.*]. Doremus' actions prompted Logan's Complaint, filed on May 25, 2012, alleging claims under both 11 U.S.C. § 362 and § 522(h) . [Doc. # 1/Adv. Pro. 12-3087]. In turn, Doremus filed a complaint on August 21, 2012 against Logan in Adv. Pro. 12-3155, seeking a determination that the debt owed by Logan to Doremus (arising from the damage to Doreumus' rental property) was excepted from Logan's bankruptcy discharge based on two

11 U.S.C. § 523 claims. [Doc. # 1]. Logan filed his initial Motion for Summary Judgment [Doc. # 14/Adv. Pro. 12-3087] on September 6, 2012. On February 11, 2013, Doremus filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On February 13, 2013, in response to Doremus' petition, the court ordered Adv. Pro. 12-3087 [Doc. # 19/Adv. Pro. 12-3087] and Adv. Pro. 12-2155 stayed. [Doc. # 16]. Doremus received his Chapter 7 discharge on June 5, 2013 [Case No. 13-30423, Doc. # 27][1], and Logan filed this amended Motion on November 4, 2013. [Doc. # 32].

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all reasonable inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable fact finder could find in favor of the nonmoving party. *Id*.

II. **11 U.S.C. § 362 Automatic Stay Violation and § 522 Avoidance of Wage Garnishments**

Logan seeks a determination that his wages garnished by Doremus after the filing of Logan's Petition were in violation of the automatic stay and are recoverable under 11 U.S.C. § 362(k)(1), which states that damages, costs, and attorneys' fees are recoverable by "an individual injured by any willful violation of a stay." Logan also seeks a determination that his wages garnished in the ninety (90) days prior to the filing of his Petition are avoidable under 11 U.S.C. § 522(h). Although Logan does not correctly cite

---

[1]The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

3

the statute under which this motion is brought, the court construes the motion as being brought under 11 U.S.C. § 522(h), which authorizes a debtor to avoid a transfer of property pursuant to the trustee's avoidance powers if the trustee does not exercise these powers and the debtor could have exempted the property under § 522(g). According to Logan's Motion, Doremus owes him a debt for violating the automatic stay when Doremus garnished Logan's wages after the filing of Logan's Petition, and for garnishing Logan's wages in the ninety (90) days leading up to Logan's filing. [Doc. # 32].

The alleged debts in the current case arise from Doremus' garnishment of Logan's wages, both before and after the filing of Logan's Petition. Logan alleges that Doremus owes him a debt from the garnishments collected by Doremus in February, May, and June of 2012. [*Id.*]. In February 2013, before any of the alleged debts were recovered by Logan, Doremus filed his own Chapter 7 bankruptcy petition, and he received his discharge on June 5, 2013. [Case No. 13-30423, Doc. # 27].

A primary goal of the Bankruptcy Code is to provide a "fresh start" to the honest but unfortunate debtor by relieving him from the weight of oppressive indebtedness. *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234 (1934)). A fresh start is accomplished in a Chapter 7 bankruptcy through discharge of his debts in exchange for liquidation of the debtor's assets for the benefit of his creditors. *Id.* Nevertheless, Congress excepted certain categories of debts from discharge. Section 727 of the Bankruptcy Code provides for a discharge under Chapter 7 of all debts incurred prior to the filing of a petition for bankruptcy, except those categories of debts specifically enumerated in 11 U.S.C. § 523(a). 11 U.S.C. § 727(b). The various exceptions to discharge found in § 523 "reflect Congress' conclusion that the creditors' interest in recovering full payment of debts in these categories outweighs the debtors' interest in a complete fresh start." *Cohen v. de la Cruz,* 523 U.S. 213, 214, (1998).

In the case at hand, there is no suggestion that the alleged debts owed to Logan by Doremus were of a type excepted from discharge as set forth in 11 U.S.C. § 523(a), and upon the filing of Doremus' bankruptcy petition[2], Logan did not challenge the dischargeability of any of Doremus' debts. As such, any alleged debts owed to Logan by Doremus were effectively discharged on June 5, 2013.

Additionally, Logan did not raise any legal issues regarding a setoff or recoupment defense with respect to Doremus' monetary claim that is the subject of Adv. Pro. 12-3155, and the court will not consider any such issues at this time. Because any debt owed by Doremus to Logan was discharged on June 5, 2013, Logan is not entitled to judgment as a matter of law.

---

[2]Upon the filing of Doremus' bankruptcy petition, both Adv. Pro. 12-3155 [Doc. # 16] and Adv. Pro. 12-3087 [Doc. # 19/Adv. Pro. 12-3087] were stayed by court order, giving Logan actual notice of Doremus' bankruptcy filing.

**THEREFORE,** for the foregoing reasons,

**IT IS ORDERED** that Logan's Amended Motion for Summary Judgment [Doc. # 32] be, and hereby is, **DENIED.** The court will enter a separate judgment in accordance with this Memorandum of Decision.

**IT IS FURTHER ORDERED** that a further pretrial conference will be held on **May 7, 2014, at 10:30 a.m.,** at which time a trial date will be set.

###

.