**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: March 31 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-32060 |
| | ) | |
| Robert E. Logan | ) | |
|     Debtor(s) | ) | SUCCESSOR JUDGE |
| | ) | |
| Stanley B. Doremus, | ) | |
| | ) | Adv. Pro. No. 12-3155 |
|     Plaintiff(s), | ) | |
|   v. | ) | |
| | ) | |
| Robert E. Logan, | ) | |
| | ) | |
|     Defendant(s). | ) | |
| Robert E. Logan, | ) | |
| | ) | Adv. Pro. No. 12-3087 |
|     Plaintiff, | ) | |
| | ) | (Consolidated) |
|   v. | ) | |
| | ) | |
| Stanley B. Doremus and Laura Doremus, | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Defendant Robert Logan's Motion for Summary Judgment ("Motion") [Doc. # 33] and what the court construes as Plaintiff's *pro se* response, [Doc. # 30]. The Motion was filed in Adv. Pro. No. 12-3155, which, as set forth in the court's Adversary Proceeding Scheduling Order [Doc. # 22], has been consolidated with Adv. Pro. No. 12-3087 and is maintained under Adv. Pro. 12-3155. Plaintiff alleges in his complaint that a debt owed to him by Defendant is nondischargeable under 11 U.S.C. § 523(a)(4) and (6). Having considered the Motion and the response, for the reasons that follow, the court will grant the Motion to the extent brought under 11 U.S.C. § 523(a)(4), but will deny the Motion to the extent brought under § 523(a)(6).

## FACTUAL BACKGROUND

In 2003, Defendant was evicted from Plaintiff's rental property. Plaintiff claims that before Defendant vacated the property, Defendant physically damaged it. The damage allegedly includes holes in walls, gouges in the floor, torn door jambs, torn carpets, and a broken antique door entry. [Doc. # 1]. On December 18, 2003, Plaintiff filed a landlord complaint against Defendant in the Toledo Municipal Court, seeking restitution of property and money. [*Id.*]. On January 28, 2005 Plaintiff was granted a default judgment in the sum of $8,906.00. [Doc. # 6, Exhibit]. The Judgment Entry reads as follows:

> This cause came on for hearing upon plaintiff's Complaint and the Court finds that the defendant is in default for answer or other pleading and plaintiff is entitled to a judgment. It is therefore ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against defendant in the sum of $8,906.00 plus its costs and interest herein inclusive. [Doc. # 24, Exhibit].

On April 30, 2012, Defendant filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court Northern District of Ohio. [Doc. # 33]. On August 21, 2012, Plaintiff timely commenced this adversary proceeding by filing a Complaint to Determine Dischargeability ("Complaint") of the debt owed by Defendant arising from the 2005 judgment. [Doc. # 1].

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

12-03155-jpg    Doc 37    FILED 03/31/14    ENTERED 03/31/14 15:54:44    Page 2 of 5

P. 56(a). In reviewing a motion for summary judgment, however, all reasonable inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable fact finder could find in favor of the nonmoving party. *Id*.

## II. 11 U.S.C. § 523(a)(4)

Section § 523(a)(4) excepts from a debtor's discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." With Plaintiff's status as a *pro se* litigant, his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estell v. Gamble*, 429 U.S. 97, 106 (1976). The court construes Plaintiff's Complaint as alleging that a fiduciary duty existed due to a contractual rent agreement that created a landlord tenant relationship. [Doc. # 1].

The Sixth Circuit has adopted a narrow interpretation of "fiduciary" as used in § 523(a)(4). *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997). In order to trigger the fraud or defalcation provision in that statute, a debtor must hold funds in a trust for the benefit of a third party. *Id.* at 179. Furthermore, the types of trusts that will trigger the fraud or defalcation provision of § 523(a)(4) are "limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *Id.* at 180.

In the case at hand, there is no evidence to suggest that funds were held in trust for the benefit of a third party, nor does a landlord tenant relationship result in the type of express or technical trust set forth in *Garver. Id.* As Defendant points out in his Motion, only a contractual relationship, and not a fiduciary relationship, was in existence at the time the debt arose. Thus, according to Defendant, there exists no evidence to support Plaintiff's § 523(a)(4) claim. [See Doc. # 33]. In a motion for summary judgment, with respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the

3

nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Plaintiff has offered no evidence that a fiduciary relationship existed with Defendant. Having shown no genuine issue exists for trial, Defendant is entitled to judgment as a matter of law on Plaintiff's claim under § 523(a)(4).

### III. 11 U.S.C. § 523(a)(6)

Section § 523(a)(6) excepts from a debtor's discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In order to prevail on his claim that the debt is excepted from discharge, the Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was willful or malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001).

Addressing the "willful" requirement of § 523(a)(6), the Supreme Court specifically held in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 63. Rather, the Court explained that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61-62. A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Here, Defendant posits in his Motion that because the Court Order and Judgment Entry do not make mention of malicious or willful injury, it did not occur for purposes of this proceeding. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, there are four prerequisites to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Cianciola v. Johnson's Island Prop. Owner's*

*Assn.*, 981 N.E.2d 311, 315 (Ohio App. 2012). "Issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997). The person asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

With regards to the 11 U.S.C. § 523(a)(6) dispute, collateral estoppel does not apply, as Defendant did not provide any evidence that a "willful and malicious" injury was "actually and necessarily litigated and determined" at the state court level. *Id*. The absence of such findings in the Judgment Entry and the Court Order is not conclusive that Defendant did not willfully and maliciously injure Plaintiff's property. It is possible that Plaintiff's claim could be proven at trial. Thus, Defendant's reliance on the state court's judgment is misplaced, and Defendant is not entitled to judgment as a matter of law on Plaintiff's § 523(a)(6) claim.

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** to the extent Plaintiff has asserted a claim under § 523(a)(4) and his Motion **DENIED** to the extent Plaintiff has asserted a claim under § 523(a)(6).

**IT IS FURTHER ORDERED** that a further pretrial conference will be held on **May 7, 2014, at 10:30 a.m.** at which time a trial date will be set.

###

.